**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4186

JOSEPH GADY, a/k/a Big Eye Jean,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-985)

Submitted: November 16, 1999

Decided: December 27, 1999

Before MOTZ and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Robert H. Bick-
erton, Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Gady pled guilty to conspiring, between 1991 and 1995, to possess with intent to distribute and to distribute cocaine and cocaine base (crack) in South Carolina and elsewhere, see 21 U.S.C. § 846 (1994), and was sentenced to a term of 360 months imprisonment. Gady appeals his sentence, arguing that the district court failed to make adequate findings in support of its conclusion that he committed the instant offense while under a sentence of probation, see U.S. Sentencing Guidelines Manual § 4A1.1(d) (1998), and also erred in imposing two criminal history points under § 4A1.1(d). He further argues that the district court plainly erred in treating the probationary sentence and later revocation of the sentence as part of his criminal history rather than as part of the instant offense. See USSG § 4A1.2(a), comment. (n.1). We find no error and affirm.

The offense giving rise to Gady's 1994 Florida probationary sentence occurred in January 1993, when Gady and Mercedoine Allen (who was not named in the indictment or identified in the presentence report as a member of the federally charged conspiracy) attempted to trade Gady's truck for one kilogram of cocaine in Miami, Florida, where Gady lived. They were dealing with undercover officers and were arrested. Gady was released on bond in June 1993, and was arrested in Beaufort, South Carolina, by drug task force agents on February 19, 1994. He was released in South Carolina a few days later, on February 23, 1994. On March 16, 1994, Gady was sentenced in Florida to five years probation for the attempted truck-cocaine trade. He remained at large until February 1996, when his Florida probation was revoked. In November 1996, Gady was charged with the instant offense.

Gady objected to two criminal history points recommended by the probation officer under § 4A1.1(d) for committing the instant offense

2

while on probation. His objection suggested that the conspiracy ended with his arrest in South Carolina in February 1994, before the sentence of probation was imposed in March 1994. However, the presentence report contained information from Tyrone Moultrie, who said that he saw Gady and co-defendant Jules Gilson cooking crack in Beaufort in 1994 and 1995, and Gady did not dispute the statment, although he claimed that he did not sell crack to Moultrie. Gady offered no evidence and made no argument concerning criminal history at the sentencing hearing. Under cross-examination, he admitted selling crack in Beaufort in 1995. The district court overruled Gady's criminal history objection.

On appeal, Gady first argues that the district court's finding that he committed the instant offense while under a sentence of probation was both inadequate and was based on conduct that occurred before the probationary sentence was imposed. He points out that the district court did not make a finding that Gady or any other member of the conspiracy acted in furtherance of the conspiracy after March 1994. However, Gady admitted selling crack in South Carolina during 1995, while he was on probation. We are thus able to discern the factual basis for the district court's ruling. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). Any omission in the district court's finding was harmless error. See Fed. R. Crim. P. 52(a).

Gady also argues that the court plainly erred by including the 1994 Florida sentence in his criminal history as a "prior sentence," instead of treating it as conduct which was "part of the instant offense." USSG § 4A1.2(a)(1).* To succeed with a claim of plain error, an appellant must show that an error occurred, that the error was plain, that the error affected his substantial rights, and that the error should be corrected to protect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano , 507 U.S. 725, 731-32 (1993).

_____

*Had the kilogram of cocaine been included in Gady's relevant conduct, it would not have changed his offense level. However, eliminating the three criminal history points Gady received for the four-year probation revocation sentence would have reduced his criminal history score from five points to two points and placed him in category II instead of category III.

Under § 4A1.2(a)(1), criminal history points are added only for prior sentences imposed "for conduct not part of the instant offense," that is, conduct which is not relevant conduct under§ 1B1.3. USSG § 4A1.2, comment. (n.1). The attempted truck-for-cocaine trade was clearly part of the same course of conduct as the charged conspiracy. See USSG § 1B1.3(a)(2). However, under§ 4A1.2(a)(1), the inquiry is whether the prior conduct was actually part of the instant offense as charged in the indictment. See United States v. McManus, 23 F.3d 878, 888 (4th Cir. 1994) (inquiry should be whether prior sentence and instant offense involve conduct which is "severable into two distinct offenses.") (quoting United States v. Beddow, 957 F.2d 1330, 1338 (6th Cir. 1992)). Here, the district court did not make such an inquiry because Gady did not raise the issue. Because it is not plain from the information in the presentence report that the truck-cocaine trade Gady attempted with Allen was part of the conspiracy charged in the federal indictment rather than a separate conspiracy, we do not find that plain error occurred.

For the reasons discussed, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4